IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HARLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-2732 |
| : | |
| DEPARTMENT OF VETERANS : | |
| AFFAIRS, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

Plaintiff Mary Harley brings this *pro se* civil action against the Department of Veterans Affairs ("VA"), the "Veterans Medical (Clinic) Center" and numerous medical professionals based on her daughter's involuntary commitment and her daughter's treatment during that commitment. Harley also moved to proceed *in forma pauperis*. For the following reasons, Harley's motion for leave to proceed *in forma pauperis* will be granted. However, Harley's Complaint will be dismissed without prejudice.

**I.  FACTUAL ALLEGATIONS**

Although Harley is the named plaintiff in the Complaint, her allegations primarily concern her daughter. The Complaint alleges that Harley's daughter was involuntarily committed and "held against her will" following a visit to the VA Medical Clinic. Harley alleges that her daughter was misdiagnosed as a schizophrenic and drug user, and forcibly medicated with drugs that affected her ability to communicate and altered her mind. Harley further alleges that her daughter was "abused" and "neglected" while hospitalized, that the family was not permitted to visit for months, and that the doctor did not return Harley's calls.

As a result of the hospitalization, Harley alleges that her daughter "suffered physically, emotionally [and] mentally," which kept her "from continuing her education, a career [and] her

own home." Harley therefore brings claims for violation of her daughter's civil rights based on her daughter's "forced hospitalization," "wrongful[]" diagnosis, and the medical treatment she received during her commitment. Harley seeks: (1) a financial award of $5 billion and (2) a hearing so that Harley can "hear and see what evidence [the Defendants] have to prove a history of a #302 condition schizophrenia [and] a #304 condition (drug user)."

## II.     STANDARD OF REVIEW

Harley's motion for leave to proceed *in forma pauperis* will be granted because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A determination of jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.    DISCUSSION

Harley brings claims based on harm suffered by her daughter and seeks compensation on her daughter's behalf. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com,*

*Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (holding that father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").

Accordingly, Harley's Complaint must be dismissed because she lacks standing to pursue claims on her daughter's behalf.  *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address childrens' claims on appeal); *Jackson v. Bolandi*, 2020 WL 255974, at *5 (D.N.J. 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").  To the extent the Complaint can be read to assert claims on Harley's behalf, the Court cannot discern any plausible basis for such claims.

### IV.   CONCLUSION

For the foregoing reasons, Harley's motion for leave to proceed *in forma pauperis* is granted.  Her Complaint will be dismissed without prejudice for lack of standing.  *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice.").  To the extent Harley's Complaint can be liberally construed to raise any claims on her own behalf, those claims are dismissed with prejudice.

An appropriate order follows.

BY THE COURT:
/s/ Hon. Wendy Beetlestone

**WENDY BEETLESTONE, J.**